JiSCHOTT, Chief Judge.
Defendants pled guilty to gambling in violation of LSA-R.S. 14:90. Upon their conviction the State moved for disposition, pursuant to R.S. 14:90.1 of the property and monies seized from defendants when they were first arrested. Defendants filed motions to quash and for the return of the evidence. Following a hearing the court denied defendants’ motions and granted the State’s motion to dispose of the property. Defendants have appealed.
R.S. 14:90.1 provides as follows:
Upon conviction of a person for the crime of gambling, the evidence, property, and paraphernalia seized as instruments of such crime shall ... be destroyed when it is no longer needed as evidence and all such evidence, property, and paraphernalia found to be in use in the conduct of such unlawful activity and having a value for lawful purposes shall be sold.... Upon conviction as aforesaid, any monies and other things of value, except as herein provided, shall be transferred to the state general fund.
Defendants’ first assignment of error is an attack on the statute because of its failure to delineate a standard of proof. In making this argument they rely on State v. Spooner, 520 So.2d 336 (La.1988) and State v. Manuel, 426 So.2d 2140 (La.1983). Neither of these eases support their argument.
The Spooner case held that a single procedural provision of the Seizure and Forfeiture of Contraband Law, R.S. 32:1550 et seq., was unconstitutional. The court found simply that the presumption in the State’s favor established by § 1550(A)(7)(c) was constitutionally infirm and remanded the case for the State to carry its burden of proof to establish that money in Spooner’s possession was derivative contraband. The court did not say what was the standard of proof, but it did say that such a proceeding was not a civil proceeding, but was a quasi-criminal proceeding.
In Manuel the court was particularly concerned with the fact that those forfeiture proceedings pursuant to R.S. 32:1550 took place before the defendant was convicted. The court was likewise concerned with the validity of the seizure under those circumstances and specifically prescribed that the State prove beyond a reasonable doubt that valid grounds existed for the forfeiture, that the seizure conformed to the constitution and laws, and that the owner was knowingly and intentionally involved with a violation of the law.
In the present case the police obtained a search warrant and arrested the defendants prior to the search and seizure. Defendants pled guilty to gambling without having moved to suppress the evidence seized and, consequently, without reserving any rights to contest the seizure. As a result they are not in a position to attack the seizure on the ground that the warrant was defective or that the search exceeded the limits of the warrant. Specifically, they are not in a position to attack the seizure of cash found in a safe at the address named in the warrant where the search was authorized.
We return to defendants’ argument that the statute is unconstitutional because it fails to specify that the State must prove beyond a reasonable doubt that the property seized was related to gambling. The cases cited by ^defendants fail to support this argument and we are not aware of any authority for the argument.
Next, defendants complain that their constitutional rights to due process were somehow violated because the trial judge failed to announce what burden of proof was upon the State prior to the hearing. Irrespective of the trial judge’s thoughts on this subject we have carefully reviewed the record and determined that the trial judge could conclude beyond a reasonable doubt that the articles and money seized were instruments of crime and they were used in the conduct of gambling.
The record established that gambling was being conducted at the premises. An array of cheap prizes lined the walls and shelves to entice participation in the game. Thousands of dollars were found on the persons of those conducting the games and in a strongbox in an adjacent room. Also in the strongbox were travelers checks clearly left by participants and five marked bills spent in the *48 game by undercover police. Expert testimony established that personnel conducting the games were not allowed to have their own money on their persons. The only reasonable hypothesis emerging from these circumstances is that the money and other property seized herein were used in or were the fruits of this gambling operation.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED.

BARRY, J., concurs with reasons.